**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 13, 2023**

# In the Court of Appeals of Georgia

A23A0995. ALI v. THE STATE.

MCFADDEN, Presiding Judge.

This case calls upon us to administer our Supreme Court's recent decision in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022). *Cook* overturned the case law that had authorized trial courts to grant motions for out-of-time appeal in cases where criminal defendants had been deprived of their right to appeal because of ineffective assistance of counsel. Here the trial court denied such a motion on the merits, and Zahir Ali appeals. Under *Cook,* we must vacate the trial court's order and remand with direction to dismiss the motion.

In most cases where, as here, we are without jurisdiction to reach the merits, we dispose of the case in an unpublished order. We are issuing a published opinion

in this case in order to reiterate that out-of-time appeals are no longer an available remedy.

In January 2019, Ali pleaded guilty to aggravated stalking and criminal attempt to commit a felony. In July 2019, he filed a pro se "out of time withdrawal of guilty plea." The trial court denied the motion in August 2019, finding that it lacked jurisdiction to hear the out-of-time motion. Then, in November 2020, Ali filed a motion for leave to file an out-of-time appeal. In January 2022, the trial court entered an order that rescinded the previous order and denied Ali's motions to withdraw his guilty plea and to file an out-of-time appeal on the merits. Ali thereafter filed this appeal.

To be timely, a motion to withdraw a guilty plea must be filed in the term of court in which the defendant was sentenced. See *Schoicket v. State*, 312 Ga. 825, 827 (1) (865 SE2d 170) (2021). Here, Ali's July 2019 motion to withdraw his guilty plea was untimely. See OCGA § 15-6-3 (18) (setting forth the terms of court for Henry County).

After the trial court entered its January 2022 order denying on the merits Ali's motion for out-of-time appeal, our Supreme Court, overturning cases that had authorized trial courts to grant such motions, held that trial courts are "without

2

jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts[.]" *Cook*, 313 Ga. at 506 (5). This holding applies to "all cases that are currently on direct review or otherwise not yet final[,]" id., and trial court orders that have decided such motions must be vacated if direct review of the case remains pending. Id. at 505 (4).

So a defendant who seeks to withdraw a guilty plea after expiration of the term of court in which the sentence was imposed "must pursue such relief through habeas corpus proceedings." *Harvey v. State*, __ Ga. __ (2) (882 SE2d 238, 241) (2022) (citation and punctuation omitted).

Because the trial court's consideration of the merits of Ali's motions has become unauthorized, its order is hereby vacated. This case is hereby remanded to the trial court, which is directed to enter an order dismissing the motions.

*Judgment vacated and case remanded. Brown and Markle, JJ., concur.*